

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ROBERT M. BLOCK, D.D.S. | ) |
| Plaintiff, | ) Case No. 3:15-cv-0204 |
| v. | ) |
| MEHARRY MEDICAL COLLEGE, | ) HON. KEVIN H. SHARP |
| | ) HON. JOHN S. BRYANT |
| Defendant. | ) JURY DEMAND |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS

Defendant Meharry Medical College ("Defendant" or "Meharry"), in accordance with Rule 36 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Second Requests for Admissions as follows.

## GENERAL OBJECTIONS

Defendant objects to Plaintiff's Second Requests for Admissions insofar as it seeks information protected from disclosure by the attorney-client privilege, by the work product doctrine, by any privilege under the Federal Rules of Civil Procedure, or by any other privilege, or insofar as it requires disclosure of information or documents prepared by counsel, or by Defendant at the request of counsel in anticipation of litigation.

Defendant objects to Plaintiff's Second Requests for Admissions insofar as it seeks information that contains or constitutes confidential information or other proprietary information of Defendant that is not relevant to the issues in this litigation.

Page 1 of 6

Defendant objects to Plaintiff's Second Requests for Admissions insofar as it seeks information that prejudices the privacy interests of Defendant or third parties.

Defendant further objects to Plaintiff's Second Requests for Admissions insofar as it is vague or ambiguous as to timeframe and contains undefined terms.

Defendant submits these responses without conceding the relevance or materiality of the subject matter of any information or documents which may be disclosed, and without prejudice to Defendant's right to object to the admissibility of any evidence involving such information or documents. Defendant reserves the right to change or supplement any response that may subsequently appear to be incomplete or incorrect. Defendant reserves the right to object at such later time that any information provided or document produced hereunder is protected by the attorney-client privilege or any other privilege, is attorney work product or trial preparation material, and/or that the disclosure of such information or document was inadvertent.

These responses are made without waiving or intending to waive the rights of Defendant to object to the use of any information or documents provided in these responses in any subsequent proceeding or trial of this or any other action. Defendant's responses to Plaintiff's Second Requests for Admissions are not a waiver of any of the foregoing objections or any objections it has made or may have with respect to any similar, related, or future requests, and Defendant specifically reserves the right to interpose any objection to further requests notwithstanding any response or lack of objection made herein.

Defendant objects to the "Instructions" and "Definitions" that preface Plaintiff's Second Requests for Admissions to the extent that they are inconsistent with or attempt to impose obligations greater than the Federal Rules of Civil Procedure or the Local Rules of Court.

N NAV 1636783 v1
2902571-000047 03/11/2016

## REQUESTS FOR ADMISSION

1. The next chairperson of the Department of Endodontics immediately after Plaintiff Block was removed from that position was Dr. Gregory Stoute.

   **RESPONSE:** **Denied.**

2. The next chairperson of the Department of Endodontics after Plaintiff Block was removed from that position was Dr. Kathy Jefferson.

   **RESPONSE:** **Admitted.**

3. Admit the genuineness of the contract, which is <u>Exhibit A</u> hereto.

   **RESPONSE:** **Admitted.**

4. Admit that <u>Exhibit A</u> hereto contains the authentic signature of Dean Southerland.

   **RESPONSE:** **Admitted.**

5. Admit that <u>Exhibit A</u> hereto contains the authentic signature of President Riley.

   **RESPONSE:** **Admitted.**

6. Plaintiff Block held a valid and unrestricted Tennessee license as a dentist with no conditions at the time Defendant Meharry hired him in 2011.

   **RESPONSE:** **Defendant lacks sufficient information or knowledge on which to admit or deny this Request, and for that reason this Request is denied.**

7. After July 2012, the Department of Periodontics ceased to exist as a separate department.

**RESPONSE:** **Admitted.**

8. After July 2012, periodontists were supervised by the Department of Restorative Dentistry.

**RESPONSE:** **Denied.**

9. In or about July 2012, Dean Southerland removed Dr. Singh as Chairperson of the Department of Periodontics.

**RESPONSE:** **Denied. Around June 2012, Dr. Singh was informed that Meharry's Periodontics Department, of which he was Chair, was being eliminated and merged into Meharry's Restorative Dentistry Department, resulting in a change in his position from Chair to Director.**

10. Sometime in 2013, CODA recommended that periodontics be restored as a department separate from restorative dentistry.

**RESPONSE:** **Admitted.**

11. In April 2013, Dr. Farmer-Dixon attended a meeting with representatives of CODA at which Plaintiff Block was present.

**RESPONSE:** **Admitted.**

N NAV 1636783 v1
2902571-000047 03/11/2016

12. During the April 2013 meeting with representatives of CODA at which both Plaintiff Block and Dr. Farmer-Dixon were present, there was discussion about Dr. Singh.

**RESPONSE: Denied.**

13. During the spring or early summer of 2013, Dr. Jefferson complained about the air quality in the Meharry School of Dentistry.

**RESPONSE: Admitted.**

14. During the spring or early summer of 2013, Plaintiff Block complained about the air quality in the Meharry School of Dentistry.

**RESPONSE: Admitted.**

15. From September 1, 2011 to June 30, 2012, each of the full professors employed by the Meharry School of Dentistry was African American.

**RESPONSE: Admitted.**

16. From September 1, 2012 to June 30, 2013, each of the full professors employed by the Meharry School of Dentistry was an African American.

**RESPONSE: Admitted.**

17. During Plaintiff Block's employment at the Defendant Meharry School of Dentistry, the only department chairpersons who were not African American were Plaintiff Block, Dr. Singh and Dr. Albury.

**RESPONSE: Admitted.**

N NAV 1636783 v1
2902571-000047 03/11/2016

Dated March 15, 2016.

                Respectfully submitted,

By:   /s/ Mark A. Baugh
       Mark A. Baugh, No. 15779
       Nancy A. Vincent, No. 16938
       211 Commerce Street, Suite 800
       Nashville, Tennessee 37201
       Telephone: (615) 726-5760
       Facsimile: (615) 744-5760

*Attorneys for Defendant Meharry Medical College*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2016, a true and correct copy of the foregoing *Defendant's Responses To Plaintiff's Second Request For Admissions* has been sent to the following via hand-delivery:

Richard J. Braun, Esq.
Mary Leech, Esq.
BRAUN & ASSOCIATES PLLC
501 Union Street, Suite 500
Nashville, Tennessee 37219
*Attorneys for Plaintiff Robert M. Block, D.D.S.*

                /s/ Mark A. Baugh
                Mark A. Baugh

N NAV 1636783 v1
2902571-000047 03/11/2016