```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

ROBERT M. BLOCK,            )
                            )
        Plaintiff           )
                            )   No. 3:15-0204
v.                          )   Chief Judge Sharp/Bryant
                            )   **Jury Demand**
MEHARRY MEDICAL COLLEGE,    )
                            )
        Defendant           )

## REPORT AND RECOMMENDATION

Plaintiff Block has filed his motion for leave to amend his complaint (Docket Entry No. 14) to which Defendant has responded in opposition (Docket Entry No. 19). Plaintiff thereafter filed his amended motion for leave to amend his complaint (Docket Entry No. 43) to which Defendant responded in opposition (Docket Entry No. 45).

For reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's initial motion for leave to amend his complaint be denied as moot, and that Plaintiff's amended motion for leave to amend his complaint be denied as futile.

## STATEMENT OF THE CASE

Plaintiff Robert M. Block has filed this action pursuant to Title VII alleging that his employer, Defendant Meharry Medical College ("Meharry") unlawfully discriminated against him because of his race and color and unlawfully retaliated against him because of his protected activities, including opposition to and complaint of

racial discrimination (Docket Entry No. 1). Defendant Meharry has denied liability and asserted affirmative defenses (Docket Entry No. 4).

**ANALYSIS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a motion for leave to amend a complaint filed later than 21 days after the answer is filed requires the opposition party's written consent or the court's leave. This rule further provides that the court should freely give leave "when justice so requires." The Sixth Circuit has directed that courts in deciding a motion to amend "should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005). A proposed amendment is futile if the complaint, as amended, could not withstand a Rule 12(b)(6) motion to dismiss. *Travelers Cas. & Sur. Co. of Am. v. Pascarella*, 2011 WL 3468729 at *3 (E.D. Tenn. Aug. 8, 2011).

Plaintiff Block by his first motion for leave to amend his complaint (Docket Entry No. 14) sought to add a new claim for relief pursuant to the Tennessee Human Rights Act and a new claim for violating Tennessee Code Annotated § 50-1-102. This latter

2

statute provides a private right of action for procuring employees by means of false or deceptive representations. By his amended motion for leave to amend his complaint (Docket Entry No. 43), Plaintiff Block seeks to withdraw his claim for relief under the Tennessee Human Rights Act, but preserves his request for leave to include a claim under Tenn. Code Ann. § 50-1-102. Defendant Meharry opposes this proposed amendment on the ground that this new claim is barred by the statute of limitations.

Tenn. Code Ann. § 50-1-102 does not contain its own statute of limitations, and the parties disagree about the appropriate limitations period to be applied. Defendant Meharry argues that the one-year statute of limitations provided in Tenn. Code Ann. § 28-3-104, applicable to civil actions sounding in tort, should be applied here (Docket Entry No. 19 at 3). Plaintiff Block, on the other hand, argues that the three-year statute of limitations applicable to property tort actions and codified in Tenn. Code Ann. § 28-3-105 should apply. Neither party has cited any Tennessee case that has applied the statute of limitations to a claim under Tenn. Code Ann. § 50-1-102.

Defendant Meharry argues in the alternative that, even if a three-year statute of limitations applies to this claim, the claim is nevertheless barred. As grounds for this argument, Meharry relies upon Plaintiff Block's statement in paragraph 47 of his

3

proposed amended complaint which state the following: "Plaintiff Block did not learn until February 2012 that Defendant Meharry's representations were false and that he would be working as Associate Professor instead of Professor" (Docket Entry No. 14-1 at 12). Accepting *arguendo* Plaintiff's argument that a three-year statute of limitations applies, Meharry asserts that the statute of limitations nevertheless expired on this claim in February 2015. Plaintiff's complaint in this case was filed on March 3, 2015 (Docket Entry No. 1), and, according to Meharry, the new claim under Tenn. Code Ann. § 5-1-102 is therefore barred.

In response, Plaintiff argues that the doctrine of equitable tolling is applicable here to toll the running of the statute of limitations. Specifically, Plaintiff Block relies upon a written report of a "final evaluation" of Plaintiff Block that was apparently conducted by the executive vice dean of Meharry on August 16, 2012 (Docket Entry No. 44-1). Under the category entitled "Scholarly Activity and Special Development," the following sentence appears: "It is recommended that you submit your promotion packet for consideration." Plaintiff Block argues that on August 16, 2012, the vice dean of Meharry recommended that Plaintiff Block submit his "promotion packet for consideration." Plaintiff argues that he "believ[ed] that it would be approved and that he would then be Professor." However, Plaintiff Block later

4

received a letter dated November 1, 2012, from Dean Southerland advising that his application for promotion had been denied (Docket Entry No. 44-2). Plaintiff argues that he was misled by the vice dean and "believed" that his application for promotion would be granted and that he would be promoted to full professor.

Tennessee courts have held that successful assertion of the doctrine of equitable estoppel or equitable tolling requires that the plaintiff show that (1) the defendant knew or should have known that its conduct would induce the Plaintiff to delay filing suit, (2) the plaintiff's reliance on this conduct was reasonable, and (3) the plaintiff's delay was not unreasonable or due to lack of diligence. *Northeast Knox Utility District v. Stanfort Const. Co.*, 206 S.W.3d 454, 461 (Tenn. Ct. App. 2006) (*citing Hardcastle v. Harris*, 170 S.W.3d 67, 85 (Tenn. Ct. App. 2004)). Where equitable estoppel has been raised, a court must determine whether the defendant engaged in conduct specifically designed to prevent plaintiff from suing in time. *Fahner v. SW Manufacturing, Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001). A clear example, and the one most prominent in the case law, is a defendant's promise not to plead the statute of limitations, which he breaks once the plaintiff has waited for the statute to expire before filing his complaint. *Id.* "Equitable estoppel only applies when the defendant has taken steps to specifically prevent the plaintiff from timely filing his

5

complaint (as where he promises not to plead the statute of limitations)." *Fahner* 48 S.W.3d at 146.

Here, Plaintiff Block alleges that he was hired by Defendant Meharry in September 2011 upon the representation that he would be employed as a Professor and Chair of the Department of Endodontics at Meharry's School of Dentistry (Docket Entry No. 14-1 at 3-4). Plaintiff admits that he learned in February 2012 "that Defendant Meharry's representations were false and that he would be working as Associate Professor instead of Professor." (Docket Entry No. 14-1 at 12). The undersigned finds from this admission that Plaintiff's cause of action under Tenn. Code Ann. § 5-1-102 accrued in February 2012. In the absence of equitable tolling, the statute of limitations, when viewed most favorably to Plaintiff Block, expired at least by the end of February 2015.

Considering the facts alleged by Plaintiff Block in a light most favorable to him, the undersigned Magistrate Judge finds that these facts are insufficient to support an application of the doctrine of equitable tolling of the statute of limitations. Specifically, evidence that the vice dean recommended that Plaintiff Block submit his promotion packet "for consideration" almost a year after he was employed by Defendant Meharry fails to amount to conduct by Defendant Meharry "specifically designed to prevent Plaintiff from suing in time." Plaintiff has offered no

claim that such a recommendation by the vice dean was in any way tied to Plaintiff's assertion of a claim against Meharry. Moreover, a willingness to consider Plaintiff's promotion packet after almost a year on the job cannot remotely compare to a defendant's promise not to plead statute of limitations, which is cited as the most prominent example of an inducement that would support equitable tolling of the statute of limitations.

In conclusion, the undersigned finds that the facts offered by Plaintiff Block, even viewed in a light most favorable to him, cannot support an application of equitable tolling and, therefore, the statute of limitations on his claim under Tenn. Code Ann. § 50-1-102 expired, at the latest, by the of February 2015. Therefore, this claim is barred and Plaintiff's motion to amend his complaint in order to assert his claim should be denied as futile.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Plaintiff's motion for leave to amend his complaint (Docket Entry No. 14) should be denied as moot because it was superseded by his later motion to amend. In addition, the undersigned recommends that Plaintiff's amended motion for leave to amend his complaint (Docket Entry No. 43) be denied as futile.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 26th day of May, 2016.

                                    /s/ John S. Bryant
                                    JOHN S. BRYANT
                                    United States Magistrate Judge