# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT M. BLOCK, D.D.S.,** | Case No. 3:15-cv-0204 |
| Plaintiff, | |
| v. | CHIEF JUDGE SHARP |
| **MEHARRY MEDICAL COLLEGE,** | MAGISTRATE JUDGE NEWBERN |
| Defendant. | |

This case came before the Court on September 19, 2016, for hearing on the following motions: Defendant Meharry Medical College's Motion for a Status Conference and for a Protective Order Regarding Electronically Stored Information (Doc. No. 35); Plaintiff Robert Block's Request for Immediate Discovery Conference (Doc. No. 47); three motions by Plaintiff Pursuant to Rules 36 and 37(c)(2) for Costs and Attorney's Fees (Docs. No. 48, 62, 64); Plaintiff's Motion to Compel Production of Documents (Doc. No. 66); and Plaintiff's Motion for Reassignment to a New Magistrate Judge (Doc. No. 72). For the reasons set out below:

Defendant Meharry Medical College's Motion for a Status Conference and for a Protective Order Regarding Electronically Stored Information (Doc. No. 35) is **DENIED AS MOOT**;

Plaintiff Robert Block's Request for Immediate Discovery Conference (Doc. No. 47) is **DENIED AS MOOT**;

Plaintiff's First Motion Pursuant to Rules 36 and 37(c)(2) for Costs and Attorney's Fees (Doc. No. 48) is **DENIED**;

Plaintiff's Second Motion Pursuant to Rules 36 and 37(c)(2) for Costs and Attorney's Fees (Doc. No. 62) is **GRANTED**;

Plaintiff's Third Motion Pursuant to Rules 36 and 37(c)(2) for Costs and Attorney's Fees (Doc. No. 64) is **DENIED**;

Plaintiff's Motion to Compel Production of Documents (Doc. No. 66) is **GRANTED**; and

Plaintiff's Motion for Reassignment to a New Magistrate Judge (Doc. No. 72) is **GRANTED**.

These discovery matters arise in this employment discrimination action in which Plaintiff Robert Block alleges that Meharry Medical College unlawfully discriminated against him on the basis of his race and in retaliation for his complaint of racial discrimination. (Doc. No 1, PageID# 1.) Briefly summarized, Dr. Block alleges that Meharry hired him as Professor and Chair of the Department of Endodontics in September 2011. (*Id*. at PageID# 3.) Block alleges that, after his employment began, Meharry School of Dentistry's Dean Janet Southerland discriminated against Block by advising him he had been appointed as an Associate Professor, not as a full Professor. (*Id*. at PageID# 4.) Block alleges a pattern and practice by Meharry of terminating or demoting faculty who are not African American. (*Id*. at PageID# 5.) Block complained to Meharry leadership and to the Commission on Dental Accreditation during a site visit to Meharry about discrimination he perceived to be directed at his colleague Dr. Singh, who is East Indian and of the Sikh religion. (*Id*. at PageID# 5–6.) In June 2013, Southerland removed Block as chair of the Department of Endodontics and appointed Dr. Gregory Stoute as his replacement. (*Id*. at PageID# 7.) Southerland was then replaced as Dean by Dr. Cherae Farmer-Dixon. (*Id*.) In November 2013 and August 2014, Block filed charges of discrimination with the EEOC. (*Id*. at 7–8.)

1. **Defendant Meharry Medical College's Motion for a Status Conference and for a Protective Order Regarding Electronically Stored Information (Doc. No. 35)**

Meharry filed this motion asking the Court to compel Block to bear the cost for certain electronic source discovery. The Court held a discovery conference on January 14, 2016, at which this issue was addressed. Since that time, the parties have limited the requested discovery only to

2

records from Southerland's computer, greatly reducing the scope of materials and the cost of their production. The parties agree that this issue is now moot, although Meharry reserves the right to seek costs for producing the documents at a later date.

Accordingly, Defendant Meharry's motion is **DENIED AS MOOT**.

2. **Plaintiff Robert Block's Request for Immediate Discovery Conference (Doc. No. 47)**

The parties agree that this request was addressed and resolved at the parties' April 8, 2016, discovery meeting.

Accordingly, Plaintiff Block's motion is **DENIED AS MOOT**.

3. **Plaintiff's Motions Pursuant to Rules 36 and 37(c)(2) for Costs and Attorney's Fees (Docs. No. 48, 62, 64)**

Federal Rule of Civil Procedure 37(c)(2) provides that, if a party fails to admit information requested under Rule 36 and the requesting party later proves the matter true, the requesting party may move for reasonable expenses, including attorney's fees, incurred in making the proof. The court "must so order" unless the request was held objectionable, the admission sought was of no substantial importance, the party failing to admit had a reasonable ground to believe that it might prevail on the matter, or there was other good reason for the failure to admit. Fed. R. Civ. P. 37(c)(2).

Block seeks attorney's fees and costs incurred in disproving Meharry's responses to three requests for admissions. (Docs. No. 48, 62, 64.)

Block's first motion concerns the following request for admission:

> 14. All full professors employed in Defendant Meharry's Dental School were African-American during Plaintiff Block's employment by Defendant Meharry.
>
> RESPONSE: Deny. Defendant Meharry denies that all full professors employed in Defendant Meharry's Dental School were African-American

during Plaintiff Block's employment by Defendant Meharry.

Meharry made the following response to a later-submitted request:

16.     From September 1, 2012 to June 30, 2013, each of the full professors employed by the Meharry School of Dentistry was an African American.

RESPONSE:   Admitted.

Block states that, in a later deposition, Southerland stated that all of the full professors employed by the School of Dentistry during Block's tenure were African American.

In its opposition to Block's motion, Meharry states that, at the time of its response to Request 14, it was unsure whether Dr. Leslie Halpern, who is white, was a full professor. (Doc. No. 50, PageID# 362.) Meharry also states that "Plaintiff's request for admission seeks information that Defendant does not keep in the normal course of its business." (*Id*. at PageID# 361.) At hearing, Meharry's counsel stated that, after submitting its response to Request 14, it had discovered that Dr. Hua Xie, who is Asian American, was a full professor during Block's employment, making its original response correct.

The Court finds that the requested information is material to Block's claim that he was denied full professorship because of his race. The Court also believes that Meharry could have answered this request correctly the first time with minimal inquiry investigation. However, the Court cannot say that Meharry had no reasonable ground to believe its answer might be correct. And, in fact, with the inclusion of Dr. Hua Xie, it appears to have been correct, although perhaps without Meharry's knowledge at the time.

Block's motion for fees and costs with regard to this request for admission (Doc. No. 48) is **DENIED**.

Block's second motion concerns the following request for admission:

12. During the April 2013 meeting with representatives of CODA at which both Plaintiff Block and Dr. Farmer-Dixon were present, there was discussion about Dr. Singh.

RESPONSE: Denied.

In a later deposition, Farmer-Dixon stated that she attended this meeting, that there were "discussions . . . about Dr. Singh's removal as chair of perio" in this meeting, and that CODA's response was to "listen." (Doc. No. 62-2, PageID# 473.) Meharry's position is that Block did make a statement to representatives of CODA regarding Singh at a meeting where Farmer-Dixon was present but there was no "discussion." Meharry also states that Southerland completed the requests for admissions and, because Farmer-Dixon is not its corporate representative, her deposition testimony is not an admission. (Doc. No. 70.)

Block's allegation that he informed CODA that he believed Meharry was discriminating against Singh in the presence of Farmer-Dixon is a central allegation of protected conduct underlying his retaliation claim. (Doc. 1, PageID# 6.) Meharry had a duty to make reasonable inquiry to determine if the statements were made. Fed. R. Civ. P. 26. The Court finds Meharry's distinction between a statement and a discussion unavailing.

"When a litigant expends resources to prove a fact that an opposing party refused to admit, Rule 37(c)(2) directs (and does not just permit) the court to award monetary sanctions equal to 'the reasonable expenses, including attorney's fees, incurred in making that proof.'" *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 492 (6th Cir. 2014) (citation omitted). Accordingly, Block's motion for attorney's fees and reasonable expenses incurred in making this proof (Doc. No. 62) is **GRANTED**. The Court expects these costs to be minimal, as Block's counsel admitted that he would have deposed Farmer-Dixon regardless of the need to make this proof and that he did not

5

spend more than 15 minutes on this issue.

Finally, Block's last motion arises out of the following request for admission:

1. The next chairperson of the Department of Endodontics immediately after Plaintiff Block was removed from that position was Dr. Gregory Stoute.

   RESPONSE: Denied.

In her later deposition, Dr. Kathy Jefferson testified to an email she received from Block in which he stated that he would no longer be Chair of the Department of Endodontics and would be replaced by Stoute. (Doc. No. 64-2, PageID# 488–89.) Jefferson testified that she believed Stoute served as Chair for two or three weeks before he was replaced by Farmer-Dixon. (*Id*.) Meharry responds with deposition testimony from Stoute in which he states that he did not recall anyone serving as Chair of Endodontics between Block and Dr. Jefferson. (Doc. No. 68-1, PageID# 522–23.)

The deposition testimony reveals some confusion as to the progression of Endodontics Chairs after Block's removal, including by Stoute himself. This is sufficient good reason for Meharry's failure to admit this point. Block's motion for fees and costs (Doc. No. 64) is **DENIED**.

4. **Plaintiff's Motion to Compel Production of Documents (Doc. No. 66)**

Block moves to compel Meharry's production of performance evaluations of the School of Dentistry's Department Chairs for the 2012-2013 and 2013-2014 academic years. At the time of the parties' hearing, Meharry had produced only Block's and Singh's performance evaluations for the 2012-2013 academic year and had produced no evaluations for the 2013-2014 academic year. In the hearing, Block's counsel agreed to withdraw his request for the 2013-2014 academic year evaluations. Counsel for Meharry represented that it was "in the process" of completing a search to determine whether the requested evaluations for 2012-2013 had been performed and, if so, where

6

they could be found. Counsel agreed to complete this search and produce any resulting documents to Block by Monday, October 3, 2016.

On September 29, 2016, Block filed correspondence from Meharry's counsel stating that it was producing evaluations of five Department Chairs for the 2012-2013 academic year and could not locate performance evaluations for four additional Department Chairs. (Doc. No. 107-2, PageID# 2296–97.) Block's counsel responded that the produced documents were not the requested performance evaluations conducted by the Dean, but were instead self-evaluations. (Doc. No. 107-1, PageID# 2295.) Block's counsel states that Farmer-Dixon testified in her deposition that she had performed evaluations of the Department Chairs in the 2012-2013 academic year. (*Id*.) Meharry has also produced a performance evaluation of Block for the 2012-2013 academic year.

Block's motion to compel production of these documents is **GRANTED**. Meharry is **ORDERED** to conduct another search of its records and produce the requested performance evaluations to Block by October 10, 2016. If Meharry determines that no such performance evaluations exist, it shall so stipulate.

Block also moves to compel production of any minutes taken at a meeting of Meharry's Executive Management Group "within several days of" the CODA site visit. (Doc. No. 67, PageID# 501.) Meharry's counsel argued in court that no such meeting took place and, if the meeting did occur, no minutes were taken. Since the hearing, Block has filed minutes from the April 15, 2013 Executive Management Group meeting indicating that the next meeting of the Executive Management Group was scheduled to take place on Monday, April 29, 2013 at 12:00 p.m. (Doc. No. 106-1, PageID# 2292.)

Block's motion to compel production of any minutes from the April 29, 2013 Executive Management Group meeting is **GRANTED**. Meharry shall produce these minutes to Block by

October 10, 2016. If Meharry determines that no such minutes exist or that the April 29, 2013 Executive Management Group meeting did not take place, it shall so stipulate.

5. **Plaintiff's Motion for Reassignment to a New Magistrate Judge (Doc. No. 72)**

Pursuant to the Court's Administrative Order 138 entered on September 1, 2016, this motion is **GRANTED**.

It is so **ORDERED**.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge